## Commonwealth v. Jones

*Paul Toohey, assistant district attorney,* for the Commonwealth.
*Mark F. Morrison,* for defendant.

WAGNER, *J.,* November 27, 1990—This matter is before the court on defendant's motion for a new trial and arrest of judgment following the jury verdicts on August 9, 1990. Defendant, Sheri Lynn Jones, was found guilty on the charges of retail theft and conspiracy.* Post-trial motions were timely filed. Defendant raises only one contention in her motion—that the court erred by permitting the Commonwealth to present testimony and evidence that was not provided to defense counsel in accordance with Pa.R.Crim.P. 305, 42 Pa.C.S. We disagree.

Briefly, we will state the pertinent facts of the case. On June 8, 1990 defendant's motion to compel discovery was granted by this court. In paragraph 8

---

* At the time of trial, defendant was charged with retail theft and conspiracy at three stores, Claire's Boutique, Fashion Bug Plus, and Fashion Bug Kids. However, the jury returned guilty verdicts only to Claire's Boutique.

of defendant's request for pretrial discovery, defendant requested the names and addresses of eyewitnesses and other Commonwealth witnesses. On June 11, 1990, the district attorney filed an answer which listed only one trial witness, John Wyckoff. However, the Commonwealth reserved the right to call any additional witnesses necessary for the prosecution of the case.

During the trial, Commonwealth requested the court's permission to call three store managers as additional witnesses. This court permitted the three witnesses to testify over defense counsel's objection but limited their testimony to the identity of the articles of clothing and jewelry, and to the reconstruction of the alleged thefts and conspiracy. (N.T. 8/9/90, at 25.) Thereafter, defense counsel was granted a one-hour recess to review Commonwealth's evidence and testimony in order to prepare for his cross-examination of the three witnesses. (N.T. 8/9/90, at 73.)

Defendant contends that the court erred when it permitted, over objection, the testimony of three witnesses whose names had not been previously disclosed by the Commonwealth as part of its response to defense's request for discovery. The trial court has broad discretion in determining the remedy to be applied in the event there is a failure to comply fully with a demand for discovery. *Commonwealth v. Granberry*, 346 Pa. Super. 395, 401, 499 A.2d 671, 674 (1985); Pa.R.Crim.P. 305E, 42 Pa.C.S. A court may order an offending party to permit discovery or inspection, or it may grant a continuance, or it may prohibit the offending party from introducing the testimony of the undisclosed witness, or it may enter such other order as it deems just under the circumstances. *Id.; Commonwealth v. Lamb,* 309 Pa. Super. 415, 455 A.2d 678 (1983).

18

Pa.R.Crim.P. 305B(2) provides that disclosure by the Commonwealth is:

*"Discretionary with the court:* In all court cases. . .., if defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

"(a) the names and addresses of eyewitnesses [.]"

Our Supreme Court has recently held that Rule of Criminal Procedure 305B(2), which allows discovery of non-mandatory items at the discretion of the court, covers eyewitnesses only, and there is no requirement that the Commonwealth disclose the names and addresses of all witnesses. *Commonwealth v. Buehl,* 510 Pa. 363, 389, 508 A.2d 1167, 1180 (1986), *cert. denied,* 109 S. Ct. 187 (1988). A person who is not actually present at the scene of the crime is not an eyewitness, and thus his identity is not discoverable under Rule 305B(2). *Id.*

It is clear from the record that the three store managers were not "eyewitnesses" to the crimes. Bobbi Miller, manager of Claire's Boutique, worked on July 31, 1989 from 9:30 a.m. to 6 p.m. but did not see anyone take anything from the store. (N.T. 8/9/90, at 42, 48.) Janet Yniquez, manager of Fashion Bug Children's Store, worked in the store on July 31, 1989 from 12:30 p.m. to 9 p.m. (N.T. 8/8/90, at 59.) She did not testify to the identity of defendant but stated that her sales clerks showed items in the store to defendant. (N.T. 8/9/90, at 69.)

Deborah Jefferies, second assistant manager of Fashion Bug Plus, worked in the store on July 31, 1989 from 9 a.m. to 1:30 p.m. (N.T. 8/9/90, at 50-51.) Defense counsel's objection to her testimony that

she observed defendant in her store that day was sustained and a curative instruction was given to the jury. (N.T. 8/9/90, at 77-78.) The word "eye-witness" means a witness who saw the incident in question with his/her own eyes. *Commonwealth v. Wolfe,* 301 Pa. Super. 187, 200, 447 A.2d 305, 312 (1982). Although this witness observed defendant in the store, she did not witness the crime with which defendant was charged. Therefore she does not fall into the category of eyewitnesses, whose names and addresses may be ordered to be given to defense counsel after a motion for pretrial discovery has been filed pursuant to Rule 305. *Id.*

In the instant case the three additional witnesses were not present at the scene of the crime, and did not witness the alleged thefts. Accordingly, they are not "eyewitnesses" in the meaning of Rule 305, and the Commonwealth has no duty to disclose their names in pretrial discovery. Even if disclosure of their names and addresses was required by the spirit of liberal discovery espoused by Rule 305, any harm to the defense was cured by the one-hour recess granted to enable defense counsel to review the evidence and testimony in order to prepare his cross-examination. *Id;* Pa.R.Crim.P. 305E, 42 Pa.C.S. Therefore, we reject defendant's contention as meritless.

In accordance, with the foregoing, we hereby make the following

## ORDER

And now, November 27, 1990, defendant's motion for new trial and arrest of judgment is denied. Defendant is directed to appear for sentencing on

Monday, December 17, 1990 at 9:30 a.m. in Courtroom Number 5, Courthouse, Uniontown, Pennsylvania.